UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LESTER LEE SCARBROUGH, JR.,

                            Plaintiff,

   -v-                                          9:10-CV-1370
                                                        (DNH/DRH)

ROBERT CLINTSMAN, Correctional Officer, Upstate Correctional Facility; MELISSA A. COOK, Correctional Counselor, Upstate Correctional Facility; JEFFREY EVANS, Correctional Psychiatric Social Worker, Upstate Correctional Facility; DON HAUG, Correctional Facility Food Service Administrator, Upstate Correctional Facility; J. HEALY, Correctional Officer, Upstate Correctional Facility; RALPH J. ISABELLA, Correctional Lieutenant, Upstate Correctional Facility; KING, Correctional Officer, Upstate Correctional Facility; ERIC E. MARSHALL, Correctional Officer, Upstate Correctional Facility; JEFFERY A. MITCHELL, Correctional Lieutenant, Upstate Correctional Facility; BRANDON J. NICHOLS, Correctional Officer, Upstate Correctional Facility; THOMAS QUINN, Correctional Lieutenant, Upstate Correctional Facility; DAVID A. ROCK, Superintendent, Upstate Correctional Facility; and ROBERT C. WARNOCK, Correctional Sergeant, Upstate Correctional Facility,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

LESTER LEE SCARBROUGH, JR.
08-B-0351
Plaintiff Pro Se

Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN
New York State Attorney General
Attorney for Defendants
The Capitol
Albany, NY12224

ROGER W. KINSEY, ESQ.
Ass't Attorney General

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983. On June 22, 2012, the Honorable David R. Homer, United States Magistrate Judge, advised, by Report-Recommendation, that defendants' motion for summary judgment be granted as to all defendants and all claims.[1] Plaintiff timely filed objections to the Report-Recommendation.

Based upon a de novo review, the Report-Recommendation is accepted in whole. See 28 U.S.C. 636(b)(1).

Also contained within plaintiff's objections is a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend Judge Homer's June Order. In the Northern District of New York, Federal Rules of Civil Procedure Rule 59 and 60, along with Local Rule 7.1(g) permit a party to move for reconsideration of a prior order. However, plaintiff's request is more appropriately construed as an appeal of Judge Homer's June Order.

Plaintiff's motion to compel discovery was referred to Judge Homer pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). In accordance with Rule

---

[1] The Report-Recommendation also contained an order denying plaintiff's motion to compel discovery, Dkt. No. 35 ("June Order").

- 2 -

72(a), "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. Pro. 72(a). An order is clearly erroneous where a reviewing court is left "with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948). An order will be deemed contrary to law "'if it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" State of N.Y. v. Oneida Indian Nation of N.Y., No. 1:95–CV–554, 2007 WL 2287878, at *11 (N.D.N.Y. Aug. 7, 2007) (Kahn, J.) (quoting Mitchell v. Goord, No. 9:03–CV–00019, 2005 WL 701096, at *2 (N.D.N.Y. Mar. 21, 2005) (Sharpe, J.)).

In light of recommending that defendants' motion for summary judgment be granted and all claims and defendants dismissed, Judge Homer determined that the additional interrogatory responses and documents sought by plaintiff could not reasonably alter the outcome of defendants' motion because the information sought is irrelevant. Plaintiff objects to the June Order on the basis that "additional interrogatories [sic] responses and documents sought could reasonably alter the outcome of defendants['] motion." Pl.'s Objections, Dkt. No. 46. Plaintiff however has not indicated how or why the outcome could be reasonably altered by production of the requested discovery. Accordingly, reversal of Judge Homer's June Order is not warranted.

Therefore, it is

ORDERED that

1. Defendants' motion for summary judgment is GRANTED and all defendants and claims are DISMISSED;

    2.  Plaintiff's motion pursuant to Federal Rule of Civil Procedure 59(e) is construed as an appeal of Magistrate Judge Homer's June Order, pursuant to Federal Rule of Civil Procedure 72(a); and

    3.  Plaintiff's appeal of Magistrate Judge Homer's decision is DISMISSED.

    IT IS SO ORDERED.

                                            _____
                                            United States District Judge

Dated:  July 26, 2012
        Utica, New York.